UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RAHUL LNU,

Petitioner,

v.

IMMIGRATION CUSTOM AND ENFORCEMENT, ICE,

Respondent.

Case No. 5:26-cv-4656-SSC

MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION

Before the Court is a counseled petition for habeas corpus brought by Rahul Lnu who alleges that his re-detention by immigration officials after years on parole lacked constitutionally adequate notice and process. (ECF 1 at 7–8.) The petition alleges the following facts.[1] Petitioner entered the country in December 2022 and was released on immigration parole under supervision and through the alternatives to detention program. (*Id.* at 5.) He is not subject to a final order of removal. (*Id.* at 8.) He has no criminal history and during his parole he had a stable home, worked, paid taxes, lived with family, maintained contact with immigration authorities, and complied with the terms of

[1] Because Respondent has not provided information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

his supervision. (*Id.* at 2, 6.) He was detained at a regularly scheduled supervision check-in on August 14, 2026, and is being held in Adelanto, California. (*Id.* at 2–3).

Respondent has failed to oppose the petition or to appear in this matter at all despite notice and a briefing deadline that passed a week ago.[2] (ECF 5.) Accordingly, the Court grants the petition.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; and (2) ordering

---

[2] Instead of an appearance, the Court received an email from counsel for Respondent stating: "I can confirm that the government does not intend to appear and oppose this petition but will monitor the docket and ensure that orders are promptly transmitted to the Respondents. Release orders can also be emailed directly to the Adelanto facility, consistent with the established process for that." "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Respondent to release Petitioner **Rahul Lnu (A# 246-248-145)** from immigration custody immediately under conditions of supervision found to be appropriate by the decisionmaker.

DATED: August 31, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE